IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-01210-CMA-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3040 SOUTH TAFT HILL ROAD,
1951 KINNISON DRIVE, FORT COLLINS, COLORADO;
2002 AUDI QUATTRO, and
2004 FORD F-250,

    Defendants.
_____

**ORDER DENYING CLAIMANT'S MOTION
TO SET ASIDE ORDER DISMISSING CLAIM**
_____

This matter is before the Court on Claimant Christian Rison's Motion to Set Aside Order Dismissing Claim (Doc. # 75). Claimant requests that the judgment entered against him be set aside pursuant to Fed. R. Civ. P. 60(b)(1). For the reasons stated below, Claimant's motion is denied.

## I. BACKGROUND

Subsequent to conducting surveillance based on a lead, officers from the Fort Collins Police Department ("FCPD") executed search warrants at Defendants 3040 South Taft Hill Drive and 1951 Kinnison Drive, Fort Collins, Colorado ("Real Property"). (Doc. # 28 at 4–5.) These searches and later interviews revealed a sophisticated marijuana growing operation that supplied individuals in Michigan, Wyoming, and the mountain communities of Colorado. (*Id.* at 12.) Between September 2010 and May

2012, FCPD executed four search warrants at Defendants Real Property (Doc. # 76 at 6–8) and discovered that, despite disruption from FCPD, the marijuana growing operation was operational every time.  (Doc. # 76 at 6–8.)

On November 25, 2011, the Government filed its Amended Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of Defendants Real Property and Defendants 2004 Ford F-250 and 2002 Audi Quattro ("Vehicles").  (Doc. # 28.)  Claimant retained an attorney and filed claims for Defendants Real Property and Vehicles.  (Doc. ## 15 and 34.)

The Court entered a Scheduling Order on October 18, 2012 (Doc. # 55), pursuant to which the Government sent Interrogatories, Requests for Production of Documents, and Requests for Admissions to Claimant.  (Doc. # 76 at 2.)  Claimant's attorney filed a Motion to Withdraw on January 25, 2013, when discovery responses were overdue, because Claimant had "completely ceased communicating" with him, and he could not respond to the Government's discovery requests without Claimant's cooperation.  (Doc. # 57 at 2.)  In the Motion to Withdraw, which was mailed and e-mailed to Claimant, Claimant's attorney informed Claimant that he would be responsible for complying with court orders and time limitations in the event the Court granted the motion.  (*Id.*)

The Court indeed granted the Motion to Withdraw on January 29, 2013. (Doc. # 58.)  The Government asserts that it e-mailed Claimant on February 7, 2013, to remind him of his responsibility to attend court hearings, comply with deadlines, and hire new counsel.  (Doc. # 76 at 2.)  The Government then sent Claimant a letter on

February 27, 2013, notifying him that his deposition was scheduled for March 8, 2013, and that his responses to interrogatories were overdue. (*Id.* at 2-3) The Government again reminded Claimant of his responsibility to comply with Court-ordered deadlines. (*Id.* at 3.) The Government did not receive answers to its interrogatories, and although Claimant did appear for his deposition on March 8, 2013, he refused to answer the Government's questions. (*Id.*) The Court has no reason to disbelieve the Government's statements regarding its efforts, described above, to communicate with Claimant, and Claimant has not presented any facts to the contrary.

On March 18, 2013, the Government filed a Motion to Compel Answers to Interrogatories, Requests for Production of Documents and Requests for Admissions. (Doc. # 63.) In that motion, the Government told the Court that Claimant had been informed of his responsibility to request additional time from the Court to retain counsel if needed. (*Id.*) After a telephone conversation with Claimant on the same day, the Government filed a Renewed Motion to Extend Discovery Deadlines. (Doc. # 64.) On March 19, 2013, the Court directed both parties to appear for a hearing on April 4, 2013, regarding the Government's motions. (Doc. # 66.) Claimant failed to appear at the scheduled hearing. (Doc. # 76 at 3.)

On April 10, 2013, the Court ordered Claimant to show cause for his failure to appear at the scheduled hearing and to explain why the Court should not dismiss his claim for failure to prosecute. (Doc. # 68.) Claimant did not respond to the Court's order to show cause; as a result, the Court dismissed Claimant's claims with prejudice for failure to prosecute on April 30, 2013 (Doc. # 69), and entered final judgment of

forfeiture in favor of the Government on May 23, 2013 (Doc. # 74). Upon retaining new counsel, Claimant filed the instant Motion to Set Aside Order Dismissing Claim on May 29, 2013. (Doc. # 75.)

## II. STANDARD OF REVIEW

In order to set aside a final judgment, a party must meet the requirements of Fed. R. Civ. P. 60(b). *In re Wallace*, 99 Fed. App'x 870, 873 (10th Cir. 2004) (unpublished). Under Fed. R. Civ. P. 60(b)(1), federal courts can relieve parties from judgments in cases of "mistake, inadvertence, surprise, or excusable neglect." *Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505, 507 (10th Cir. 2012) (unpublished). Relief under this Rule is only granted in exceptional circumstances. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

The following three requirements must be satisfied in order to set aside a default judgment[1] under Fed. R. Civ. P. 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated in part on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996). Courts "need not consider all of the [above] factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (unpublished). The burden to prove that the default judgment should be set aside lies with the defaulting party.

---

[1] Although Claimant Rison's claim was dismissed for failure to prosecute, this situation is sufficiently analogous to default judgment against a party because of its inaction. Therefore, to decide this motion, the Court will rely on cases discussing setting aside orders of default judgment under Fed. R. Civ. P. 60(b).

*Wallace*, 99 Fed. App'x at 873. The decision to set aside a default judgment lies within the trial court's discretion. *QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948, 2007 WL 2071633, at *1 (D. Colo. July 16, 2007) (unpublished).

A party's conduct is considered culpable if the party "defaulted willfully or has no excuse for the default." *Id*. Excusable neglect justifies setting aside default judgments where the defaulting party could not have protected against such neglect or mistake. *United States v. $5,690.00 in U.S. Currency*, No. 07-CV-01148, 2008 WL 4378720, at *3 (D. Colo. Sept. 19, 2008) (unpublished). On the other hand, there is no excusable neglect where a party "simply misunderstands or fails to predict the legal consequences of his deliberate acts." *Yapp*, 186 F.3d at 1231. One example of excusable neglect is when a party's attorney acts without authority to that party's detriment or does not act at all. *Id*. (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.1996)). Courts have also granted relief where the defaulting party shows "*excusable* failure to comply with procedural rules." *Id.* (emphasis added); *see Wallace v. McManus,* 776 F.2d 915, 917 (10th Cir.1985) (excusable neglect justified relief from judgment under Fed. R. Civ. P. 60(b) to a *pro se* prisoner who let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her), *superseded by rule on other grounds as state in Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000); *cf. Zimmerling*, 478 F. App'x at 507 (no excusable neglect where defendant did not receive notice of motion for default judgment "due to its failure to promptly retain counsel after its former counsel withdrew and its failure to inform the court or [opposing party] of its new address")*.*

## III. ANALYSIS

Claimant contends in his motion that he is entitled to relief from the Court's judgment, dismissing his claim for failure to prosecute, under Fed. R. Civ. P. 60(b) because of his "mistake, inadvertence, surprise, or excusable neglect." (Doc. # 75.) The Court disagrees.

To support his request for relief under Fed. R. Civ. P. 60(b)'s mistake or excusable neglect standard, Claimant states that "[t]he Court allowed [his] counsel to withdraw with little notice" and that he "was only now able to obtain subsequent legal counsel" despite his "diligent" efforts to find representation. (Doc. # 75 at 2.) Claimant further states that his "former counsel gave the wrong mailing address to the Court" and he does not receive mail at Defendant 3040 South Taft Hill Road. (*Id.*) Additionally, Claimant asserts that he "failed to respond to the court's show cause order due to mistake, inadvertence, or excusable neglect," and he "did not mean to fail to appear or fail to show cause." (*Id.*) Taking into consideration all of the proceedings in this matter, the Court is not persuaded that these facts support relief from the Court's final judgment under Fed. R. Civ. P. 60(b).

First, the record does not support Claimant's assertion that he failed to receive any notices at Defendant 3040 South Taft Hill Road. For instance, the Government sent its notice of deposition to Claimant at Defendant 3040 South Taft Hill Road, and Claimant appeared at the right date and place for his deposition. This indicates that Claimant was still receiving mail at Defendant 3040 South Taft Hill Road, where the Court also sent its notices. But even if Claimant did not receive any or most of his

notices at Defendant 3040 South Taft Hill Road, Claimant's culpable conduct caused the dismissal of his claim. Claimant was informed of his responsibility to comply with the Court's orders and deadlines multiple times. (*See* Doc. ## 57 and 76.) In addition, Claimant was told that it was his responsibility to seek an extension with the Court in the event that he was unable to obtain representation in time to comply with the Court's deadlines. (*See* Doc. # 63.) Claimant could have hired representation promptly after the withdrawal of his attorney and, if that was too difficult, he could have filed for an extension of time with the Court. Claimant did neither and instead chose to ignore the multiple warnings informing him of his responsibility to comply with the Court's rules. Further, if Claimant did in fact change his address, he has failed to demonstrate that he provided the Court or the Government with his new address. This was not the kind of mistake or neglect that Claimant could not have protected against.

Second, Claimant has failed to raise a meritorious defense. In fact, Claimant's motion is completely devoid of any reference to the merits of his defense. On the other hand, the Government presented overwhelming evidence to prove that Defendant Real Property and Vehicles are subject to civil forfeiture pursuant to 21 U.S.C. § 881. Third, the Government will be prejudiced by setting aside the final judgment. As recently as August 1, 2013, the Government discovered that Defendant 3040 South Taft Hill Road was again being used to grow marijuana. (Doc. # 77 at 3.) Additionally, according to the Government, Claimant is not paying the mortgage payments or real property taxes owed on this property. (*Id.*) Setting aside the final judgment in this case would prevent

the Government from taking control of the property to ensure that the property is not being used for illegal purposes and paying the amounts owed to any lienholders.

The record in this case does not support Claimant's assertion of mistake, inadvertence, surprise, or excusable neglect under Fed. R. Civ. P. 60(b).  Accordingly, setting aside the Order dismissing Claimant Rison's claim would be inappropriate here.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Claimant's Motion to Set Aside Order Dismissing Claim (Doc. # 75) is DENIED.

DATED:  September __25__, 2013

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge